Julie S. Turner (SBN 191146)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Phone: (650) 521-5930
Facsimile: (650) 521-5931
Email: turner@turnerboyd.com

*Attorneys for
Netfirms.com, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – ROYBAL FEDERAL BUILDING

| | |
|---|---|
| ANTHONY N. CHAI,<br><br>    Plaintiff,<br><br>v.<br><br>NETFIRMS.COM, INC., *et al.*,<br><br>    Defendants. | CASE NO. CV11-06988-GHK (CWx)<br><br>**NETFIRM.COM, INC.'S OPPOSITION TO PLAINTIFF ANTHONY CHAI'S *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO FILE SUR-REPLY**<br><br>Date:    February 6, 2012 [vacated]<br>Time:    9:30 a.m.<br>Judge:   The Hon. George H. King<br>Crtrm:   650 |

Plaintiff asks for leave to file a sur-reply to Netfirms' reply on its motion to dismiss. Plaintiff asserts that it should be permitted to do so because Netfirms has allegedly introduced new arguments in its reply that it could have raised in its opening brief. This is simply not true, a fact that is borne out by Plaintiff's own proposed sur-reply. That proposed sur-reply in one part simply rehashes arguments that Plaintiff made in his opposition brief. In another part, the proposed sur-reply makes a new argument that Plaintiff was obligated to present in his opposition brief but failed to. Allowing Plaintiff to present that argument now would deny Netfirms the right to reply to it (or require Netfirms to seek leave to file a sur-sur-reply).

Plaintiff's first sur-reply argument—that California courts can adopt statutory limitations exceptions such as equitable tolling (Sur-reply at 1-2)—merely restates what Plaintiff raised in pages four through six of its opposition brief. There too, Plaintiff claimed that the California courts may adopt exceptions. Plaintiff even cited there to each and every one of the cases that Plaintiff cites in his proposed sur-reply. There is no reason to allow Plaintiff another opportunity to argue this point where Plaintiff fully argued it before.

Plaintiff's second sur-reply argument is a new argument that should have been in his opposition brief in the first instance. Specifically, Plaintiff argues that federal courts have equitably tolled statutes of limitations based on extraordinary circumstances not involving torture or physical violence. If this were the case, then Plaintiff could have cited to such a case in its opposition brief, where it addressed the extraordinary circumstances doctrine at great length. See Opp. at 7-13. It did not. Instead, it now cites to a state court case out of Colorado, where the Colorado Supreme Court expressly *refused* to adopt the federal extraordinary circumstances standard in the case before it (a case that did not involve torture). See Proposed Sur-Reply at 4-5 (citing *Dean Witter Reynolds, Inc. v. Hartman,* 911

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

P.2d 1094 (1996)). Plaintiff had the opportunity to raise this case as an example (to the extent it supports Plaintiff's argument) in his opposition, but did not do so. He should not be allowed to now deprive Netfirms the opportunity of addressing this new argument.

Finally, much of Plaintiff's second argument is devoted to rehashing the cases it had cited in its Opposition brief. Plaintiff does this to challenge Netfirms' argument that the cases that Plaintiff originally cited in opposition concern torture and physical violence. Plaintiff is presumably distinguishing between torture and physical violence, on the one hand, and (to quote from Plaintiff's explanatory parentheticals) "disappearances," "threat of government reprisal," "government repression," "witness intimidation," "evidence suppression" and "human rights abuses" on the other. However, Plaintiff's arguments are divorced from the facts of each of the cases, which would show that what was meant by these threats, repressions, intimidations and abuses were in fact physical violence or torture.

For these reasons, Plaintiff's Ex Parte Application for Order Granting Leave to File Sur-Reply should be denied. In the alternative, Netfirms requests leave to file a sur-sur-reply, a copy of which is attached to the concurrently filed *ex parte* application seeking leave to do so.

Respectfully Submitted,

Dated: February 7, 2012              /s/ Julie S. Turner
                                     Julie S. Turner
                                     TURNER BOYD LLP

                                     *Attorneys for Defendant
                                     Netfirms.com, Inc.*