Julie S. Turner (SBN 191146)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Phone: (650) 521-5930
Facsimile: (650) 521-5931
Email: turner@turnerboyd.com

*Attorneys for*
*Netfirms.com, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – ROYBAL FEDERAL BUILDING**

ANTHONY N. CHAI,

Plaintiff,

v.

NETFIRMS.COM, INC., *et al.*,

Defendants.

CASE NO. CV11-06988-GHK (CWx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NETFIRM.COM, INC.'S *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO FILE SUR-SUR-REPLY**

Date: February 6, 2012 [vacated]
Time: 9:30 a.m.
Judge: The Hon. George H. King
Crtrm: 650

Defendant Netfirms.com, Inc. ("Netfirms") seeks leave to file a short sur-sur-reply addressing new arguments made by Plaintiff Anthony Chai in his sur-reply in connection with Netfirms' motion to dismiss Plaintiff's First Amended Complaint. Netfirms' motion to dismiss was set to be heard on February 6, 2012, but that hearing was taken off calendar *sua sponte* by the minute order entered on February 2, 2012.

The Local Rules of the Central District of California provide that a party opposing a motion may not file a reply to the moving party's reply memorandum absent prior written order of the court. L.R. 7-10. Plaintiff has applied for such an order. See D.I. 23 (Plaintiff Anthony Chai's Notice of Ex Parte Application For Order Granting Leave to File Sur-Reply (the "Application")). The Application is presently pending.

The sur-reply that Plaintiff attached to the Application raises new arguments—arguments that Plaintiff should have raised in his opposition to Netfirms' motion. Specifically, Plaintiff raises the following new arguments:

1. The federal courts have applied the "extraordinary circumstances" doctrine in cases not involving physical violence or torture (Sur-Reply at 2-3); and
2. "At least one other state supreme court has examined the extraordinary circumstances equitable tolling doctrine in analyzing whether state law claims were timely filed, and relied on federal cases applying the doctrine to circumstances that did not involve torture or physical violence." (Sur-Reply at 4).

These arguments are highly misleading. As the movant with the burden, Netfirms should have the opportunity to address these new arguments lest the Court rely on them unchallenged.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

For the reasons stated herein, Netfirms respectfully requests that, should the Court grant Plaintiff's application for leave to file its sur-reply, that it also grant Netfirms' application for leave to file its sur-sur-reply.

Respectfully Submitted,

Dated: February 7, 2012

TURNER BOYD LLP

By: /s/ Julie S. Turner
Julie S. Turner

*Attorneys for Defendant Netfirms.com, Inc.*

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

# SUR-SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NETFIRMS.COM, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (F.R.C.P. 12(b)(6))

Julie S. Turner (SBN 191146)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Phone: (650) 521-5930
Facsimile: (650) 521-5931
Email: turner@turnerboyd.com

*Attorneys for*
*Netfirms.com, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – ROYBAL FEDERAL BUILDING**

ANTHONY N. CHAI,

Plaintiff,

v.

NETFIRMS.COM, INC., *et al.*,

Defendants.

CASE NO. CV11-06988-GHK (CWx)

**SUR-SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NETFIRM.COM, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (F.R.C.P. 12(b)(6))**

Date: February 6, 2012 [vacated]
Time: 9:30 a.m.
Judge: The Hon. George H. King
Crtrm: 650

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

In his sur-reply, Plaintiff Anthony Chai raises a number of new arguments that rely on omissions about the cases he cites—omissions that, when corrected, support Defendant's argument that this case must be dismissed under the relevant statutes of limitations.

**1. *Forti v. Suarez-Mason* Supports Defendant's Argument That Any Equitable Tolling In California Must Hew Closely To A Tolling Statute, And Undermines Plaintiff's Argument.**

In his sur-reply, Plaintiff says that "the Northern District of California has already recognized [that] 'California law [already] applies equitable tolling principles similar to' extraordinary circumstances." Sur-Reply at 2. Plaintiff relies on a footnote in the case of *Forti v. Suarez-Mason* for this proposition, even quoting that footnote in part. *Id.* Plaintiff's assertion is bereft of any analysis of the context for this statement in *Forti*. Context here is everything.

In *Forti*, the defendant—an Argentinean general accused of torture and murder—went into hiding to avoid prosecution during the running of the statute of limitations. 672 F. Supp. 1531, 1549-50 (N.D. Cal. 1987). The court applied ***federal*** equitable tolling doctrine. *Id*. at 1549 ("because the claim itself is a federal claim, federal equitable tolling doctrines apply"). In dicta in a footnote, the Court said that the "pendent state law claims [are not] timebarred on the face of the Complaint because California law applies equitable tolling principles similar to those discussed herein. *See Stewart v. Stewart, supra*."

The case of *Stewart v. Stewart* is an example of the court construing a tolling ***statute*** to cover something not precisely covered. As the *Forti* court itself described, the *Stewart* case stood for the proposition that "defendant who clandestinely visits California after an absence, is considered absent during the period of the visit for purposes of a state ***statute*** excluding the period of a defendant's absence from the state from the limitations period." *Id.* at 1550, citing *Stewart*, 152 Cal. 162, 92 P. 87 (1907) (emphasis added).

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

Indeed, California has a ***statutory*** tolling provision that tolls the running of the statute of limitations while the defendant is absent from the state. See Cal. Code Civ. P. § 351. Thus, the "equitable" portion of the Stewart holding was expanding ever so slightly on the statutory tolling provision to cover instances when the defendant clandestinely visits California. This is an example of the minor deviations around the edges of statutory tolling that exemplifies California's approach to equitable tolling. In no way did the *Forzi* court find, hold, or otherwise state that California has equitable tolling principles like those found in federal law to apply to federal claims.

**2. The Colorado Supreme Court, In *Dean Witter Reynolds v. Hartman* Cite By Plaintiff, Actually Rejected Plaintiff's Argument.**

For the first time in his sur-reply, Plaintiff points to a state law case to support his argument that the federal equitable tolling doctrine would be applied by a state court in a case involving state law claims having nothing to do with torture or physical violence. See Sur-Reply at 4. Plaintiff argues that "at least one other state Supreme Court has examined the extraordinary circumstances equitable tolling doctrine in analyzing whether state law claims were timely filed, and relied on federal cases applying the doctrine to circumstances that did not involve torture or physical violence." Sur-Reply at 4 (citing *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (1996)).

What Plaintiff omits is the fact that the Colorado Supreme Court, sitting *en banc*, ***rejected*** adoption of the federal equitable tolling doctrine for those state law claims. The court established that equitable tolling in Colorado requires some fraudulent concealment or other wrongful conduct by the defendant (what is more accurately an equitable estoppel). *Dean Witter Reynolds*, 911 P.2d at 1096-97. The court then stated that "Other jurisdictions [*i.e.*, not Colorado] have applied equitable tolling in a second category of cases where extraordinary circumstances

make it impossible for the plaintiff to file his or her claims within the statutory period." *Id.* at 1097.

At this point, the Colorado Supreme Court rejected adoption of the federal equitable tolling doctrine. The court held:

> We find that Hartman's case fails to invoke equitable tolling of the statute of limitations under the test accepted in Colorado and does not present circumstances in which a new or expanded test should be adopted. Neither Dean Witter nor Norwest Bank acted in any way to impede Hartman from bringing an action against them. The facts show no fraudulent concealment by either institution, but instead show that Hartman was aware of the defendants' [allegedly wrongful] actions.

*Id.* at 1097. Plaintiff's sur-reply fails to mention that the only state law case he identified, in which the state court considered adopting the federal equitable tolling doctrine, in fact ended with the court refusing to do so.

**3. Despite Plaintiff's Belated Argument, The Federal ATCA and TVPA Cases On Which It Relied All Do In Fact Involve Threats Of Physical Violence Or Torture.**

Plaintiff attacks Netfirms' characterization of ATCA and TVPA cases on which Plaintiff relies as involving physical violence or torture. Plaintiff now claims for the first time that those cases do not involve physical violence or torture. Plaintiff characterizes them instead as involving "government witness intimidation," "disappearances," "threat of government reprisal," "government repression," "evidence suppression," and "human rights abuses." These labels notwithstanding, the conduct involved in each case involved torture or physical violence—something lacking from Plaintiff's case.

The chart below succinctly shows why Plaintiff's argument does not hold water:

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

| Case | Plaintiff's Characterization | Courts' Factual Findings |
|---|---|---|
| *Arce v. Garcia*, 434 F.3d 1254 (11th Cir. 2006) | "government witness intimidation, evidence suppression, and human rights abuses against dissidents" | Plaintiffs were tortured Salvadoran refugees; Salvadoran military government would intimidate and "perhaps torture" witnesses who came forward; plaintiffs "legitimately feared" that their family members and friends remaining in El Salvador would be subject to "the same brutalities that the plaintiffs suffered" |
| *Forti v. Suarez-Mason*, 672 F. Supp. 1531 (N.D. Cal. 1987) | "disappearances," executions, and inability to obtain justice | "disappearances" and summary execution |
| *Doe v. Saravia*, 348 F. Supp. 2d 1112 (E.D. Cal. 2004) | "threat of government reprisal" | Death threats (¶ 72, 348 F. Supp. 2d at 1126); kidnapping and disappearance of witness (¶ 71, *id.* at 1125-26); assassination attempt against judge and his family (¶¶ 73-90, *id.* at 1126-27) |
| *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996) | "disappearance" | Action was for torture, "disappearance" and summary execution; torture victims feared reprisal in light of suspension of habeas corpus (103 F.3d at 773) |
| *Doe v. Unocal Corp.*, 963 F.Supp. 880 (C.D. Cal. 1997) | "threats of reprisal" | "threats of reprisal from SLORC," the ruling junta in Burma, for claims accusing SLORC of torture, enslavement, systematic rape and sexual abuse (963 F.Supp. at 885) |

Here the "human rights abuse" that Plaintiff alleges was an invasion of his privacy right by a Canadian web domain host. See Sur-Reply at 3. Plaintiff never alleges that the Thai government has in any instance (much less systematically) tortured, murdered, raped or "disappeared" any witness, family member or friend of anyone accused of violating the *lèse majesté* laws. The difference between Plaintiff's situation and the cases on which he relies could not be starker.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

For the foregoing reasons as well as those presented in Netfirms' motion, opening brief and reply brief in support of this motion, Netfirms respectfully requests that the Court grant its motion to dismiss Plaintiff's First Amended Complaint, without leave to amend.

Respectfully Submitted,

Dated: February 7, 2012

TURNER BOYD LLP

By: /s/ Julie S. Turner
Julie S. Turner

*Attorneys for Defendant Netfirms.com, Inc.*

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040